**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02631-001-TUC-RCC (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Cesar Gumaro Sarabia-Urrea, | |
| Defendant. | |

Before the Court is Defendant Cesar Gumaro Sarabia-Urrea's Motion for Reduction of Sentence (18 U.S.C. § 3582(c)(2)). (Doc. 31.) Defendant claims he is entitled to a reduction in status points based on Amendment 821 of the United States Sentencing Guidelines ("USSG" or "Guidelines"). (*Id.*) The Federal Public Defender filed a notice indicating it would not supplement Defendant's pro se filing. (Doc. 32.) The Court will deny the motion.

**I.    Amendment 821**

In November 2023, Amendment 821 to the USSG went into effect retroactively. USSG § 1B1.10. Part A of Amendment 821 reduced the number of status points applied to a defendant's criminal history. *Id.* "Status points" are points added when (1) a defendant received seven or more criminal history points, and (2) the current offense occurred while serving a sentence for a different offense. *Id.* at § 4A1.1(e); U.S. Sent'g Guidelines Manual suppl. to app. C, amend. 821 (U.S. Sent'g Comm'n 2023). A defendant who has six or fewer criminal history points under USSG §§ 4A1.1(a)–(d) now

receives no status points. USSG § 4A1.1(e). A defendant who has seven or more criminal history points now only receives one status point instead of two. *Id.*

In addition, under Part B of Amendment 821, an offender who received no criminal history points ("zero-point offender") can receive a two-level decrease in offense level. *Id.* at § 4C1.1(a). However, Part B does not permit a two-level decrease when:

1. Defendant used "violence or credible threats of violence in connection with the offense;"
2. The offense "result[ed] in death or serious bodily injury;"
3. Defendant's instant offense was a sex offense;
4. The offense caused substantial financial hardship;
5. Defendant was in possession of a dangerous weapon during the offense;
6. Defendant was "engaged in a continuing criminal enterprise";
7. The offense involved individual rights under § 2H1.1;
8. Defendant received an adjustment under either § 3A1.4 (Terrorism); § 3A1.1 § 3A1.6, or § 3B1.1.

*Id.* (emphasis added).

## II. Plea Agreement and Sentence

Defendant pled guilty to one count of reentry of a removed alien with a sentencing enhancement. (Doc. 29.) The Presentence Report ("PSR") concluded that under the USSG, Defendant's total offense level was 17 and his criminal history score was 13. (Doc. 26 ¶¶ 23, 32–34.) This resulted in a criminal history category VI a Guidelines range of 51–63 months' incarceration. (*Id.* ¶¶ 34; Doc. 30 at 1.) The plea agreement provided for a sentencing range of 41–51 months. (Doc. 18 at 2.) The Court granted a departure below the Guidelines range, sentencing Defendant to 40 months' incarceration. (Doc. 30 at 2.)

## III. Discussion

First, Defendant's prior criminal convictions resulted in a criminal history score of 11 before any status points were added. (Doc. 26 ¶ 32.) Therefore, he is not a zero-point offender and is not subject to a decrease in offense level under Part B of Amendment 821.

Second, although Defendant was given two status points for committing the

instant offense while under a criminal justice sentence, subtracting one status point does not entitle him to a sentence reduction.

Under the USSG, a defendant's sentence cannot be reduced if—when applied—the amended sentence "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

Pursuant to Part A of Amendment 821, giving Defendant one status point instead of two would result in a criminal history score of 12 and criminal history category V. However, for an offense level 17, this results in a sentencing range of 46–57 months' incarceration. Defendant was sentenced well below this range.

IT IS ORDERED is Defendant Cesar Gumaro Sarabia-Urrea's Motion for Reduction of Sentence (18 U.S.C. § 3582(c)(2)) is DENIED. (Doc. 31).

Dated this 15th day of October, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge